# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GLORIA SUN JUNG YUN,** : | |
| **Plaintiff** : | |
| : | **CIVIL ACTION NO. 3:18-0324** |
| v. : | **(JUDGE MANNION)** |
| **COMMONWEALTH OF** : | |
| **PENNSYLVANIA,** *et al.*, | |
| : | |
| **Defendants** | |

## MEMORANDUM

Pending before the court is the report and recommendation of Judge Mehalchick, (Doc. 12), recommending that plaintiff's declaration in which she avers that she wishes to withdraw her complaint and dismiss her action be construed as a notice of voluntary dismissal pursuant to Fed.R.Civ.P. 41(a)(1). To date, neither the plaintiff nor the defendants have filed objections to Judge Mehalchick's report. For the following reasons, the report and recommendation is **ADOPTED** and plaintiff's case will be **DISMISSED WITHOUT PREJUDICE**.

## I. STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court

may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

## II. DISCUSSION

On May 8, 2018, plaintiff filed her declaration stating that she withdrew her complaint and that she seeks to have her case closed. (Doc. 11). Plaintiff's declaration will be construed as a notice for voluntary dismissal pursuant to Fed.R.Civ.P. 41(a)(1).

Fed.R.Civ.P. 41(a)(1) states in relevant part:

2

> **(a) Voluntary Dismissal**
> (1) ***By the Plaintiff.***
> **(A)** *Without a Court Order*. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>
> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
>
> (ii) a stipulation of dismissal signed by all parties who have appeared in the action.
>
> **(B)** *Effect*. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claims, a notice of dismissal operates as an adjudication on the merits.

Some of the defendants have filed a motion to dismiss the plaintiff's complaint, (Doc. 6), but no defendant has filed an answer to the plaintiff's complaint or a summary judgment motion. Thus, the effect of plaintiff's Rule 41(a)(1) notice of voluntary dismissal is "automatic: the defendant does not file a response, and no order of the district court is needed to end the action." In re Bath & Kitchen Fixtures Antitrust Litig., 535 F.3d 161, 165 (3d Cir. 2008). As such, the plaintiff is entitled to dismissal under Fed.R.Civ.P. 41(a)(1)(A). Further, because the plaintiff has not previously dismissed a prior action based on the same claims raised herein, the dismissal of the above captioned action will be without prejudice.

A separate Order will be issued.

                                                s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: July 6, 2018**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2018 MEMORANDA\18-0324-01.wpd